IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRY GENE GRAHAM,

    Petitioner,                   No. CIV S-09-2924 KJM P

  vs.

SHASTA COUNTY SHERIFF
TOM BOSENKO, et al.,

    Respondents.             ORDER

/

        Petitioner, a former county jail inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner has combined complaints about conditions in the jail with a request that the prosecution pending against him be dismissed because of violations of his rights. For example, petitioner alleges that jail officials have threatened him, his family and his lawyer because of his complaints about interference with his legal mail. In addition, he alleges that the

/////

trial court has refused petitioner's requests for new counsel, that his current counsel is not representing him effectively, and that the jail's confiscation of his legal materials have impaired his ability to defend himself.

The complaints about the conditions of petitioner's confinement are not cognizable in a § 2241 petition. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (habeas corpus petition is proper method to challenge legality or duration of confinement, but civil rights action is proper method of challenging conditions of confinement); Application Of Hodge, 262 F.2d 778, 779-80 (9th Cir. 1958).

The remaining claims are not cognizable at this time, but for a different reason. In Younger v. Harris, 401 U.S. 37, 54 (1971), the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings . . ." and reversed the district court's enjoining of a prosecution against Harris for violations of California's criminal syndicalism statutes.

Subsequent cases have distilled the principles of Younger into a three-part test: a federal court should abstain from adjudicating a lawsuit if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 532 (1982).

A. Pending State Proceedings

Petitioner alleges that his trial on underlying criminal charges is pending, so the first requirement of Younger abstention is met. Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

B. Important State Interest

Younger held that interference with a state criminal prosecution would disrupt the exercise of a basic state function, "prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in

good faith to be punishable under its laws and Constitution." <u>Younger</u>, 401 U.S. at 51-52.  A criminal prosecution implicates important state interests.  Accordingly, the second <u>Younger</u> requirement is met.

### C. Opportunity To Raise Federal Questions

"Where valid state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of constitutional claims.'" <u>Middlesex County Ethics Comm</u>., 457 U.S. at 432 (internal citation omitted).  Federal plaintiffs "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings. . . ." <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977); <u>Communications Telesystems International v. California Public Utility Commission</u>, 196 F.3d 1011, 1019-20 (9th Cir. 1999).  The state courts routinely consider federal constitutional issues at trial and as part of the criminal appellate process.  <u>See</u>, <u>e.g.</u>, <u>People v. Navarro</u>, 138 Cal.App.4th 146, 156-61 (2006) (considering claim that sheriff had used privileged information in violation of right to counsel and attorney-client privilege).

<u>Younger</u> abstention is appropriate.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (docket no 2) is granted;

2. The petition is dismissed; and

3. This case is closed.

DATED: January 6, 2010.

_____
U.S. MAGISTRATE JUDGE

2

grah2924.ord